Thank you very much. My name is Chauncey Winner. I represent the appellant, Jaquan Casanova. This court stated in Order of the Allen that it is no doubt a difficult thing for any person to admit to any degree of racial bias, but to do so publicly might or require what the theologians used to call heroic virtue. A trial judge has an independent obligation to ensure that the defendant's Sixth Amendment right to an impartial jury is effectuated, and to ensure that the defendant is able to exercise intelligently his peremptory challenges. Well, the government says that this case, actually they have a number of arguments, but one of their arguments is race really wasn't at issue in this race in this case, and therefore the argument that the Constitution required inquiry is simply wrong. Would you like to address that? Yes, thank you. I vigorously dispute that. The government chose to frame this case in a very specific way. They chose to make this case about Raymond Jeffries, and we go through in detail quantifying it, how much this case was really about Raymond Jeffries. Raymond Jeffries ran a vast criminal enterprise, prostitution and drug dealing, and most inflammatory on the issue of race, he had white prostitutes, and one of these white prostitutes testified, first of all, about how he brutalized her, specifically, in great detail, and then secondly, she explained why he used her. He used her not only as a prostitute, but he used her to sell drugs in white communities. Now, Mr. Casanova is, first of all, not involved in the prostitution business at all, but we submit that that framing of the case absolutely puts race at the center of this case, and indeed makes racial bias an explosive and dangerous issue. If a juror in this case... Okay, then the next argument is counsel didn't even ask for a race bias inquiry. The judge offered it, and the judge, who is black and is presumably sensitive to these issues, then made an inquiry of the group. There was no request for individualized radio, and therefore, at most, it's plain error review. Do you agree it's plain error review? I have a two-part question. The short answer is no, I don't necessarily agree it's plain error review, because I think that the court has an independent obligation under the United States Supreme Court case law to implement a process to ensure an unbiased jury. And the government says, in the Parker case, we've already rejected that as a matter of law. Well, no, I'd like to...  I think that in Parker, this court held that a district court that chooses to inquire into racial bias is not constitutionally required to do so by an individual of more idea. And that's not what this case is. Also, in Parker, no juror expressed... Why isn't that this case? First of all, there's an important factual distinction. In Parker, no potential jurors expressed racial bias, and there was no reason to believe that racial bias was relevant to the case. Parker was charged with a nonviolent crime, illegal possession of a firearm. Also, the allegation did not involve a cross-racial victim dynamic. Here, by contrast, the government alleged a violent, racially charged crime, as I've explained, and there was clear evidence of racial bias in the jury pool. We are not asking this court... When you say there's clear bias, what you mean is one person said they were biased. Right, and a second person indicated some level of bias. Another person indicated they'd be biased cutting the other way. That's true. A third person did indicate that. Let's look at this from the perspective of defense counsel. You're there trying a case. Every trial lawyer knows that jurors are much less likely to answer some embarrassing questions when they're asked in the group as a whole as when they're asked at sidebar. You make a tactical decision. Maybe I don't want... I like what I see out there for a prospective juror. I don't want to see individual voir dire because I may start losing people, like this one guy that was lost here who would have been biased in favor of the defendant. And so defense counsel either asks for individual voir dire or decides not to. What you're saying is that we should wipe out that ability for the trial lawyers to make that decision and require the judge in every single case in which an appellate court might say race was a factor to do individual voir dire. That's your argument. I'm saying that where there is clear evidence of racial bias in the jury pool, which there was here and which there was not in Parker... No, wait, let's take that. You have two jurors. You would say in one we don't have to do it, but in another if one person expresses a racial bias in response to a question, we have to then assume that the rest of that randomly selected jury pool is somehow different than the one in which no one said anything. That doesn't follow logically. I think it does. I think that in this case... Do you think it's contagious within the pool? No, no, no. So why would the fact that one person said, yes, I'm biased, give us any information either way about the other people in that randomly selected group? Well, I think, first of all, in Parker, in both of these cases, the court gave the jury a small description of the case. And so I think that that is a difference, first of all. But secondly, where you have some evidence, in both cases, the judge asked the jury to express any racial bias. And Parker says, where you choose to do that, that's good enough. And that's Parker. In this case, there is a request... Sorry, not a request. There is a statement, a question in group order, please stand if you have any racial bias that's relevant to this case. So the jurors know that racial bias is an issue, and they know the charges. They know that there's violence and shooting somebody in the head. And so I think in that context, where there is evidence, clear evidence of racial bias from one juror, what we are asking is that in that case, where there has been clear evidence of racial bias from at least one juror, the court merely, at that point, go back and individually voir dire the remaining potential jurors. Can I ask you a question? I assume this was a fairly large jury pool, as they usually are. So are you saying that in that situation, the judge has an obligation when one juror gets up and says, I may have some bias here, that every single juror in the pool has to be brought to sidebar to ask that question individually? Is that what you're saying? Yes, where the case... Not in every case. Where there has been a question on group voir dire about racial bias, and where the case involves explosive violent racial issues, and where there's some evidence, yes. Well, the racial issue here is simply that there were African Americans and Caucasians involved in the case. It's no different than many other cases, is it? I vigorously disagree, and I respectfully and vigorously disagree, that in this case, the trial transcript screams racially charged allegations. We've got a black pimp who violently abuses his white prostitutes and sends them off. And black prostitutes as well. Yes, that's true. But sends them into white communities to... The jury pool here, of course, in the District of Massachusetts, is going to be overwhelmingly white. And the point, I think, is that there's... Is there a danger of racial bias affecting the jurors here? And I submit, in this fact pattern, in this case, not every case, but in this case, there is a serious danger. But the defense counsel did not ask for the inquiry. So let's assume that the judge had done nothing. Would you be here now saying the same thing? The judge should have done something? I think that if there was no request for a group for a year... I'm sorry, the judge didn't volunteer... You're right. The judge was the one who offered it. That's right. And if there's been no record, I submit that's a different case. In my case, we have a group for a year. Please stand up if you're racially biased. Then we have a juror who says explicitly, and I said this in my papers, but he says, I didn't want to admit my racial bias in the group for a year because it was too embarrassing. I think that is also very important and an important fact. There are many cases in voir dire where a juror will not wish to stand up publicly, not only about race, but other things. From my own experience, the juror will come to sidebar. And you seem to be asking us to adopt a rule that once that happens in any charged case... I'm not going to use racially charged case because there are many different cases which can have a charge, that that is a requirement. I don't see where you get that from, frankly. I'm sorry. Where the facts of the case... And I apologize if I'm repeating myself. Where the facts of the case indicate that this particular charged issue is going to be central. And so if there is bias, there's a reasonable danger it will affect the jury's deliberations, which I submit is this case. And where the judge has some indication that there is an issue of bias in the pool, which is this case, then I submit where the court has evidence of that bias and it's a fact pattern where bias of that sort will likely affect the deliberations, then the court should proceed to individual voir dire. And it will only take a few minutes. I submit that it is not a high burden to effectuate the Sixth Amendment right to an impartial jury. Thank you. Thank you. Your Honor, may it please the court, Randall Crown on behalf of the government. Your Honor, the government does believe that this case is effectively controlled by Parker with respect to the issue of individual voir dire. I would say, important point to note, we completely disagree with the idea that the case was framed around the idea of an interracial attack or any interracial element. In fact, as Your Honor has pointed out, the prostitutes who suffered at the hands of the co-conspirator were black as well as white. And there was nothing about the fact that in some instances they went into white communities to suggest that the case was in fact particularly racially inflammatory. In fact, it was a case about prostitution and violence. In fact, wasn't there an acquittal on the conspiracy charge? I assume that Jeffries had been charged as a co-conspirator. Yes, Your Honor. With respect to that, the jury did acquit on that issue. But I think the question of whether this was such that the judge would have known or would have believed that they had to do more, which was the main part of the defendant's argument, is simply untrue here. And I think it's also worth pointing out that that's precisely the kind of determination the district court is in the best position to make. The district court knows what the profits have been in terms of the evidence that's going to come in, and the district court obviously did not itself feel that it offered this instruction that more was necessary. And if the defendant felt that more was, including on the basis now urged, there was an opportunity to raise that and have the district court evaluate the merits of the belief that these particular revelations during the course of four years showed the need to do something different. So what about Judge Kayada's point that trial counsel ought to be left free to make choices about whether to challenge? Because here we also had one juror who was inclined against the government and in favor of the defendant. It would seem to me if we adopted the rule your brother is espousing, we might have an interference with the right to counsel claim that could be made. I believe Judge Kayada made a good point, and I have not thought about it that way, but it does in fact take away some of the discretion that defense counsel has as to what to do with the information they are presented with. Again, they did have the information during the course of the individual four years of what individual potential jurors were saying, and to take it out of their hands at that point and say the judge had to do one thing or another would take away from them the opportunity to choose. What about his proposition that the Supreme Court has held that in certain cases the judge, regardless of counsel, has an obligation to ensure a racially unbiased jury by engaging in individual voir dire? Well, I think in the case of racial bias, that question has been answered by Parker, and I think that's where Parker comes into play. The Supreme Court has suggested there are times when some inquiry is required. The issue of whether individual inquiry is required, even in those cases where some inquiry is required, was specifically addressed in a preserved case, in which this is not, in Parker, and this Court held that that would not be the case. So I think that's the end of the constitutional obligation is to make some inquiry. I think it's worth noting that the first part of what the judge asked here is almost identical to the language that was used in Parker. So a judge reading this Court's opinions would reasonably believe that, in fact, it's discharged its obligations perfectly within the Court's, you know, current reasoning on that issue. It is a fair point, isn't it, that someone is less likely to fess up to such a bias when they're asked in a group than when they're asked individually at sidebar? Yes, Your Honor. So given that, why, as a matter of policy, wouldn't what defense counsel is urging be a better approach? If requested. If requested. It could be done, but I think the judge did something here that I think is worth pointing out that may, in fact, have been the reason some of these people voiced some of the things that they did say, which is that it offered sort of an open question at the end that if you have any other reason or any reason that you wish to come to sidebar, you may. I think that addresses the question of a person who may have reacted when they heard the question about bias felt and maybe there was an issue, did not want to stand, but does want to honor what the judge had asked about. That's why we also don't think that these two individuals coming forward necessarily shows that the process failed. The issue may have been made apparent to them, and then since they already had answered questions saying they were coming up, they chose to reveal what they did reveal. So one may say that the process, in fact, succeeded. If you guys don't have any more questions, we'll review it for the other issues and ask that the Court affirm. Thank you. Thank you.